IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,     )
       )
           Plaintiff,    )
       )
vs.       )     Case No. 10-cr-30179-MJR
       )
GARY EUGENE SHIELDS,     )
       )
          Defendant.   )

**MEMORANDUM AND ORDER ON
MOTION TO VACATE AND DISMISS (Doc. 44)**

REAGAN, District Judge:

Indicted in October 2010 on charges of possessing materials depicting a minor engaged in sexually explicit conduct, Gary Eugene Shields opted to plead guilty. On January 27, 2011, Shields appeared before the undersigned District Judge and entered a guilty plea. On April 29, 2011, the undersigned sentenced Shields. Judgment was signed May 3, 2011 and entered on May 4, 2011. Shields did not file a direct appeal. Two years passed.

Starting in June 2013, Shields filed several motions in this closed case, including a motion for copies, discovery and transcripts, a motion for clarification (seeking the production of evidence proving that the Court had jurisdiction in the criminal case and that the documents used therein were authentic), and a motion to reconsider. The motions were denied. In one Order, the Court explained, with reference to available forms for this purpose, the procedural steps Shields should take if he was trying to file a collateral challenge to his sentence under 28 U.S.C. 2255.

1

On May 23, 2014, Shields filed a "Motion to Vacate Punishment Order [and] Dismiss Indictment with Prejudice as Void from Want of Jurisdiction" (Doc. 44). The United States responded on June 24, 2014 (Doc. 46). Shields countered with a July 14, 2014 pleading captioned "Pracipe Notice of Hearing and Ruling with Finding of Fact and Conclusions of Law" (Doc. 47).

The undersigned entered a six-page Order explaining that the Court intended to treat Shields' May 23, 2014 motion as a petition for relief under 28 U.S.C. 2255. The Order delineated the serious consequences of construing the motion this way and gave Shields until July 31, 2014 to answer two questions: (1) did he object to/challenge the Court's decision to construe the May 2014 motion as a § 2255 petition (knowing that it may be his one shot at seeking § 2255 relief)?, and (2) would he want to withdraw his May 2014 motion?

On July 25, 2014, Shields filed a pleading which did not answer either question and instead asked the Court for 60 days to address the matter and obtain documents from the Court (Doc. 49). On July 25, 2014, the Court partially granted and partially denied the July 25th motion, concluding (Doc. 50):

> The undersigned Judge in prior Orders carefully explained what a § 2255 petition is, how it is filed, what arguments it properly advances, what time limits apply, and what consequences follow from filing a § 2255 petition. The undersigned in prior Orders has explained that litigants may obtain copies of any public pleadings from the Clerk's Office by paying 50 cents per page. This was explained to Shields as far back as June 18, 2013 and again mentioned on October 1, 2013 (see Docs. 39 and 43). The Court provided *at no charge to Shields* a copy of the indictment, a copy of the public docket sheet, and an additional copy of the United States' June 2014 response. The need to obtain other unspecified "copies" does not justify extending Shields' response time as the only issue before

Shields – whether he maintains that his May 2014 motion is something *other than* a § 2255 petition and whether he wants to withdraw the motion. And Shields has explained no delay or impediment in his ability to answer the question posed by the Court's July 17th Order.   However, the Court will allow a slight extension for Shields to file his Response to the July 17, 2014 Order (Doc. 48).

The undersigned extended to August 13, 2014 the date by which Shields was to notify the undersigned if Shields contests the Court's decision to construe the May 2014 motion as a § 2255 petition, and if he would like to withdraw his May 2014 motion.  On August 7, 2014, Shields responded with an "Ex-Parte Motion to Proceed with Subject-Matter Jurisdiction Challenge" (Doc. 51).   The August 7th filing does not ask to withdraw the May 2014 motion and does not contest its construction as a § 2255 petition.   Indeed, Shields *confirms* that he is challenging the Court's subject matter jurisdiction in the underlying criminal case, acknowledges the procedural impediments to proceeding via § 2255 petition at this point, asks the Court to grant him additional time for this § 2255 petition out of "procedural generosity," and notes that he otherwise intends to "proceed with the matter before the Court (as filed)" (Doc. 51, p. 1).

For all the reasons described at length in the July 17, 2014 Order, and having afforded Shields the opportunity to withdraw Doc. 44 (which he elected not to do), the Court construes Shields' May 23, 2014 "Motion to Vacate Punishment Order [and] Dismiss Indictment with Prejudice as Void from Want of Jurisdiction" as a motion seeking to vacate his sentence under 28 U.S.C. 2255.

As the Court's July 17th Order pointed out (Doc. 48, pp. 3-4):

3

Shields' May 23, 2014 motion seeks to vacate his sentence on the ground that the Court which imposed it (this Court) lacked subject matter jurisdiction to do so….

Whatever the label used, a motion challenging the constitutionality of a sentence imposed by a federal judge or (particularly relevant here) asking the judge to vacate the sentence and release the defendant on the ground that the court "was without jurisdiction to impose such sentence" is a motion under 28 U.S.C. 2255.  *See Gonzalez v. Crosby*, **545 U.S. 524, 531 (2005);** *Hare v. United States*, **688 F.3d 878, 880 n.3 (7th Cir. 2012);** *Curry v. United States*, **507 F.3d 603, 604 (7th Cir. 2007),** *cert. denied*, **553 U.S. 1102 (2008).**  *Accord Melton v. United States*, **359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1,** *is* **a motion under § 2255, no matter what title the prisoner plasters on the cover.").**   This Court intends to so construe Shields' motion (Doc. 44).

Thus, the Court reviews Shields' May 23, 2014 motion (Doc. 44) as a petition to vacate or set aside his criminal sentence pursuant to 28 U.S.C. § 2255.[1] So construed, the Court finds the motion time-barred.

A one-year limitation period governs petitions to vacate, set aside, or correct a sentence.  **28 U.S.C. 2255(f);** *Narvaez v. United States*, **674 F.3d 621, 625 (7th Cir. 2011).** The one-year period is triggered by the latest of four events:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]    The motion has been fully briefed herein, so the Court foregoes the usual step of directing the motion to be reopened in a separate new civil case and setting a briefing schedule.  Additionally, the Court concludes that no hearing is needed, finding Shields' motion untimely and not reaching the merits of his arguments to vacate the sentence.

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. 2255(f).  *Accord Clay v. United States*, 537 U.S. 522, 524 (2003) ("A motion by a federal prisoner ... under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'").[2]**

The statute does not provide for extensions of time.  Caselaw recognizes two tolling doctrines applicable to collateral attacks – equitable estoppel and equitable tolling.  *See, e.g., Clarke v. U.S*, 703 F.3d 1098, 1101 (7th Cir. 2013).  But the record discloses no ground on which this Court could grant Shields an extension under those doctrines.

Judgment was entered May 4, 2011.  Shields filed no direct appeal.  His time for doing so elapsed on May 18, 2011 (14 days after judgment was entered, *see* FED. RULE APP. PROC. 4).  For § 2255 purposes, a judgment becomes final after the defendant has been sentenced and the time for filing a direct appeal has passed.  *Clarke*, 703 F.3d at 1100.  Here, the one-year period for Shields to file a § 2255 petition expired one year after his appeal-filing deadline ran in May of 2011.  So, Shields had until May 19, 2012 to file his § 2255 petition.  His May 23, 2014 motion was filed more than two years late.  Accordingly, the Court **DISMISSES** Shields' § 2255 motion (Doc. 44) as untimely-filed.

---

[2]     Assuming a timely petition is filed, relief under 28 U.S.C. 2255 is limited. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under § 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or a fundamental defect that resulted in a complete miscarriage of justice.  *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013).

Rule 11(a) of the RULES GOVERNING SECTION 2255 CASES instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* **676 F.3d 621, 625 (7th Cir. 2012),** *quoting Tennard v. Dretke,* **542 U.S. 274, 281 (2004).** *See also Slack v. McDaniel,* **529 U.S. 473, 484 (2000).**

The Court has found Shields' § 2255 petition time barred and, therefore, did not reach the merits of Shields' constitutional or jurisdictional claims. To the extent a ruling on a certificate of appealability is required herein, the undersigned believes that reasonable jurists would not find his assessment of Shields' motion wrong and, thus, **DENIES** issuance of a certificate of appealability.

IT IS SO ORDERED.

DATED August 20, 2014.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge

6